# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROVENA KAY,

          Plaintiff,

vs.

LINCOLN FINANCIAL GROUP,

          Defendant.

Civil Action No.  3:18-cv-68

## COMPLAINT

AND NOW, comes the Plaintiff, Rovena Kay, by and through her attorney, Brian Patrick Bronson, Esquire, and the law firm of QuatriniRafferty, P.C., and files this Complaint in Civil Action in the Federal District Court for the Western District of Pennsylvania, stating as follows:

### INTRODUCTION

### NATURE OF THIS ACTION

1. This action is filed pursuant to the Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter referred to as "ERISA") and the Declaratory Judgment Act, 28 U.S.C. §§2201, 2202.  Ms. Rovena Kay (hereinafter Plaintiff) is a participant in an employee welfare benefit plan (hereinafter referred to as "The Plan") which is administered pursuant to an insurance policy issued by Lincoln Financial Group.  The Plan is governed by ERISA.  Plaintiff is a beneficiary under the Plan. This Complaint challenges the Plan's unlawful practice of failing to provide Plaintiff with the

timely payment of Long-Term Disability benefits under the Plan. Specifically, Plaintiff is filing this action to enforce her rights under the Plan and for attorney fees, interest and costs as provided by ERISA.

## JURISDICTION AND VENUE

2. This Court has Original Jurisdiction to hear this complaint and to adjudicate the claims herein pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132.

3. Venue is proper in this Court, as the Plan was administered in the Western District of Pennsylvania.

## PARTIES

4. The Plaintiff, Rovena Kay resides at 7 Harmony Lane, Confluence, Pennsylvania 15424, Somerset County.

5. The Defendant, Lincoln Financial Group, is the Claims Administrator of Long Term Disability claims and is located at 8801 Indian Hills Drive, Omaha, Nebraska 68114.

6. Defendant administered employee benefits, mainly Long Term Disability benefits, under the Plan in accordance with the insurance policy issued to the Plan by the Claims Administrator.

## STATEMENT OF FACTS

7. The Plaintiff, Ms. Rovena Kay was employed by Uniontown Hospital as a Nurse Assistant, she was last physically employed on May 26, 2014.

8. Plaintiff is currently receiving Social Security Disability benefits, having been found disabled as of May 27, 2014[1]. The Administrative Law Judge in his decision granting benefits found that the Plaintiff could not work in any gainful occupation. As a result of the payment of back due Social Security Disability benefits the Plaintiff has been overpaid Long Term Disability benefit from the Defendant in the amount of $19,486.46.

9. The Plaintiff was unable to continue working as a Nurse's Assistant after May 26, 2014, due to multiple medical issues including, but not limited to: Post Laminectomy and Fusion Surgeries of the Lumbar Spine; Post Laminectomy syndrome, Anxiety, Depression, Chronic Pain and Fatigue.

10. The Plaintiff received her full allotment of Short Term Disability benefits under her employer's short term disability plan and received Long Term Disability benefits under this Plan for a period of 2 years, or until August 25, 2016.

11. Plaintiff's claim for continued Long Term Disability benefits after August 25, 2016 under the Plan, was denied by letter dated September 2, 2016. The Defendant averred in this denial that the Plaintiff no longer met the definition of disability under the Plan's "any occupation" standard of disability. The letter denying the Plaintiff's benefits claim was mailed to the Plaintiff only and not to her counsel of record.

12. On December 16, 2016, the Plaintiff was deposed by her counsel under oath. The Defendant was invited to attend this deposition but did not attend.

13. Plaintiff filed a timely and responsive appeal from the September 2, 2016 denial of her continued Long Term Disability benefit claim by letter February 14, 2017.

---

[1] Plaintiff was under the age of 50 at the date which the ALJ found her disabled and is considered a younger individual under the Social Security Act.

Enclosed with this appeal letter were: Medical records from Dr. May Flores, dated September 8, 2016 through October 19, 2016; Physical Capacities Evaluation Disability Work Assessment performed by Brian Garcher, DPT, dated January 3, 2017; and a Video Deposition and Transcript of Ms. Kay, conducted on December 16, 2016.

14.  By letter dated February 21, 2017, the Plaintiff mailed to the Defendant a copy of the Fully Favorable Decision of the Social Security Administration, dated February 8, 2017, relative to Ms. Kay's claim for Social Security Disability benefits.

In the decision from the Administrative Law Judge at Pages 3 and 4, under subparagraph 5, the ALJ placed restrictions on the Plaintiff's Residual Functional Capacities.

The ALJ found that the Plaintiff could not return to any past relevant work or any other job in the national economy.

15.  By letter date March 1, 2017, and faxed the same day, the Plaintiff submitted the vocational report of James Primm, a Forensic Vocational Expert dated February 6, 2017.

16.  The Plaintiff faxed to the Defendant on April 18, 2017, a copy of the Plaintiff's Notice of Award from her Social Security Disability Case.

17.  The Plaintiff has never received a direct response to her appeal filed on February 14, 2017.

18.  The Defendant sent a letter to Plaintiff's attorney dated February 22, 2017, asserting that an appeal was filed on the Plaintiff's Long Term Disability claim on September 6, 2016, when in fact, the appeal filed on September 6, 2016, was filed on a

- 5 -

concurrent claim for the Waiver of Premium on a death benefit claim and not on the Long Term Disability Claim at issue in this case.

## CAUSE OF ACTION

**Employment Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq.**

19. Paragraphs 1 through 18 are incorporated herein as if set forth at length.

20. Plaintiff shall be deemed to have exhausted all administrative remedies and mandatory appeals as required by the Plan and ERISA 29 U.S.C. §1001 et seq., as the Defendant has not reviewed or issued a final denial on the Plaintiff's appeal filed on February 14, 2017.

21. The Defendant has not properly and timely issued a final decision from the September 2, 2016 denial letter and is no longer entitled to the protections of the ERISA Act including the arbitrary and capricious standard of review.

22. At all times relevant to this action, the Plaintiff has been unable to perform the main duties of any occupation gainful or otherwise due to the diagnoses and symptoms related to: Post Laminectomy and Fusion Surgeries of the Lumbar Spine; Post Laminectomy syndrome, Anxiety, Depression, Chronic Pain and Fatigue.

23. The Defendant ignored pertinent medical evidence and failed to evaluate all of the overwhelming evidence of record including the medical of Plaintiff's treating physicians, the Expert Vocational Evidence, the Plaintiff's sworn testimony and the findings of the Social Security Administrative Law Judge.

24. The Defendant did not conduct a full and fair review of the claim as required by ERISA.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully prays that the Court issue an Order:

(1) Awarding, declaring or otherwise providing Plaintiff all relief to which Plaintiff is entitled under ERISA Section 502 Paragraph (a) 29 U.S.C. Section 1132(a);

(2) Awarding pre and post judgment interests;

(3) Awarding Plaintiff the costs of this action and reasonable attorneys fees;

(4) Awarding such other relief as may be just and reasonable.

/s/ Brian Patrick Bronson, Esquire
Brian Patrick Bronson, Esquire (Pa #89035)
QuatriniRafferty, P.C.
550 East Pittsburgh Street
Greensburg, PA  15601
Phone:  (724) 837-0080
Fax:  (724) 837-1348
E-mail:  bpb@qrlegal.com

Dated:   April 9, 2018